```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRANDON McFADDEN,

                        Plaintiff,
                                                        ORDER
        - against -                                     05-CV-04342 (RRM) (LB)

STEPHEN MARCUS, CAUDIEU D. COOK, SR.
and CHARLES RUSSELL,

                        Defendants.
----------------------------------------------------------------X
```
MAUSKOPF, United States District Judge.

The Parties have filed fully briefed Motions *in Limine* in advance of trial. *See* Docket Nos. 80, 83 – 85 (Plaintiff's Motion);[1] Docket Nos. 86 – 88, 91 (Defendants' Motion). Upon review, the Court rules as follows:

## **Plaintiff's Motion *in Limine***

For the reasons set forth in Plaintiff's Memoranda of Law in support of its motion [Docket Nos. 80, 83] and in his Reply [Docket No. 85], Plaintiff's Motion is GRANTED as follows:

1. Defendants will be precluded from inquiring into or otherwise making reference to Plaintiff's criminal history, with the exception of 1) Plaintiff's 1993 conviction for Criminal Sale of a Controlled Substance, the crime of conviction for which Plaintiff was on parole during the arrest leading to the instant lawsuit; and 2) Plaintiff's 2006 conviction for possession of a defaced, loaded firearm. In his motion papers, Plaintiff does not object to any inquiry regarding these convictions. Evidence regarding Plaintiff's remaining conviction – over twenty years ago for sale of a controlled substance – is precluded pursuant to Federal Rules of Evidence 403 and 609. The probative value of this conviction, if any, is significantly outweighed by its prejudice.

2. Defendants will be precluded from inquiring into or otherwise making reference to 1) Plaintiff's prison disciplinary record; and 2) his 1998 parole violation. Those matters have no probative value on the issue of liability, nor do they bear on Plaintiff's credibility, with one potential exception: a May 19, 2004 infraction for providing false identification information. At this time, the parties have not provided sufficient information for the Court to address whether the May 19, 2004 incident bears on

---

[1] Plaintiff has bifurcated his motion into two separate filings, one seeking to preclude his criminal and prison disciplinary history [Docket No. 80] and another seeking to preclude his prior litigation history [Docket No. 83]. Defendants have responded in one single opposition [Docket No. 84].

1

Plaintiff's credibility.  Thus, Defendants may renew at trial their request to cross-examine Plaintiff regarding this infraction.  Prior to any proposed use of such evidence, Defendants shall make a proffer as to the nature of the infraction and demonstrate that its probative value outweighs any prejudicial effect.

3. Defendants are precluded from inquiring into or otherwise making reference to Plaintiff's litigation history.  *See Outley v. City of New York*, 837 F.2d 587 (2d Cir. 1988).  This includes not only any prior civil lawsuit brought by Plaintiff, but also any other "litigation" related to his parole status.

    Defendants generally argue that evidence regarding Plaintiff's extensive contacts with law enforcement authorities, through his arrest history and parole-related litigation, will help demonstrate that Plaintiff was experienced with the parole system and its constraints, and will rebut any assertion that Plaintiff was compliant and/or non-obstructive during the incident that led to his arrest.  Defendants improperly attempt to use Plaintiff's prior criminal and litigation history to argue his propensity for obstructive behavior, and claim that he should have been more compliant on the date of his arrest.  Neither conclusion flows from the evidence Defendants wish to use.  As such, the evidence is precluded.

4. Defendants are precluded from inquiring into or otherwise making reference to Plaintiff's current incarceration.  Plaintiff will be permitted to wear non-prison clothing during trial.  Further, this Court will ensure that Plaintiff's restraints, if any, and movements during the trial are handled in a manner that properly balances the need for security with Plaintiff's request to keep from the jury the fact of his current incarceration.

## Defendants' Motion *in Limine*

For the reasons set forth in Plaintiff's Memorandum of Law in Opposition to Defendants' *Motion in Limine*, [Docket No. 87], Defendants' Motion *in Limine* is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants' request to preclude Plaintiff from seeking damages in the instant action for his incarceration pursuant to his arrest on December 20, 2004 for a parole violation, which violation was ultimately found to be improper, is DENIED.  First, Defendants concede that the period between December 30, 2004 and January 21, 2005 "may arguably be compensable to plaintiff if a constitutional violation is found."  *See*  Defts.' Mem. [Docket No. 86] at 2 n.1.  Moreover, while Defendants claim that the period of incarceration between January 21 and March 31, 2005 should not be compensable in this action because Plaintiff received credit for it toward his sentence from an unrelated conviction in 2006 for gun possession, their argument is unavailing.  As set forth in Plaintiff's Memorandum of Law in Opposition, this claim is not the proper subject of a Motion *in Limine* as it is for the jury to determine as a question of fact whether that period of incarceration is attributable to any constitutional violation that may have been committed by these Defendants.

2

2. Defendants' motion to preclude testimony by Plaintiff regarding an argument that he overheard between Defendants and members of the New York Police Department at the time of Plaintiff's arrest on December 20, 2004 is GRANTED IN PART and DENIED IN PART. To the extent that Plaintiff will testify to statements made by any of the Defendants on trial, those statements are admissible as non-hearsay statements of a party-opponent pursuant to Federal Rule of Evidence 801(d)(2). Any testimony regarding statements by others is precluded at this time; however, in advance of any such testimony, Plaintiff may seek leave of the Court to admit such testimony upon a proffer as to the nature of the testimony and by demonstrating that such evidence is admissible.

3. Defendants' request to bifurcate the punitive damages phase of the trial is *reserved* until the time of trial. The parties should be prepared to proceed with the presentation of all evidence on liability as well as compensatory and punitive damages in a single presentation to the jury.

## **CONCLUSION**

The Plaintiff's Motion *in Limine* [Docket Nos. 80 and 83] is GRANTED, and Defendants' Motion *in Limine* [Docket No. 86] is GRANTED IN PART and DENIED IN PART. This matter has been set down for jury selection and trial at 10:00 a.m. on October 26, 2009. All parties shall be prepared to proceed on that date.

SO ORDERED.

**/s/ RRM**

Dated: Brooklyn, New York
August 31, 2009

_____
ROSLYNN R. MAUSKOPF
United States District Judge