UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRANDON MCFADDEN, )
)
Plaintiff, )
)
v. )
)
NEW YORK STATE PAROLE OFFICERS ) No. 05 Civ. 4342 (TLM) (LB)
STEPHEN MARCUS, CAUDIEU D. COOK, )
SR., and CHARLES RUSSELL, )
)
Defendants. )

### DECLARATION OF PETER K. VIGELAND IN SUPPORT OF MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL

PETER K. VIGELAND hereby declares as follows:

1. I am a member of the firm Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale" or the "Firm"). I submit this declaration in support of the motion of WilmerHale to withdraw as counsel to plaintiff Brandon McFadden in this action pursuant to Local Rule 1.4 and Rule 1.16 of the New York Rules of Professional Conduct.

2. WilmerHale moves to withdraw as counsel in this matter because, on September 11, 2009, plaintiff McFadden discharged WilmerHale as counsel and consented to the Firm's withdrawal. *See* N.Y. Rule 1.16(b)(3), (c)(10). The Firm further believes that the Court would find the existence of other good cause for withdrawal, should it order WilmerHale to provide it with additional information. *See* N.Y. Rule 1.16(c)(12).

3. The attorney-client privilege and the New York Rules of Professional Conduct limit the Firm's ability to provide in this motion and declaration a complete discussion of the reasons supporting its motion to withdraw. *See* N.Y. Rule 1.6(a); NYSBA Comm. on Prof'l. Ethics Op. 681 (1996), 1996 WL 421808, at *4 ("[A]ssigned counsel who seeks to withdraw is likely to be barred by [former disciplinary rule 4-101] from disclosing in the motion papers filed

with the court the basis for the requested withdrawal to the extent that information qualifies as either a client confidence or secret.").

4. WilmerHale has sought to reduce any prejudice to plaintiff resulting from withdrawal. The Firm has sent a copy of all papers relating to this matter to plaintiff by Federal Express. This Firm will cooperate fully with any successor firm appointed by the Court or retained by plaintiff.

5. Since it filed its Notice of Appearance on April 30, 2008, the Firm has submitted the following papers on behalf of Mr. McFadden to assist the preparation of his case for trial:

   a. Letter Motion to Take Deposition from Michelle Alexander and Charles Russell, dated May 1, 2009 (doc. no. 70).

   b. Letter Motion for Discovery / Request for Issuance of Subpoena, dated July 22, 2009 (doc. no. 75).

   c. Proposed Jury Instructions, dated June 12, 2009 (doc. no. 78).

   d. Proposed Voir Dire, dated June 12, 2009 (doc. no. 79).

   e. Motion *in Limine* to Exclude Plaintiff's Litigation History, dated June 12, 2009 (doc. no. 80 & exhibits 1-3).

   f. Motion *in Limine* to Exclude Plaintiff's Criminal and Disciplinary History, dated June 12, 2009 (doc. no. 83).

   g. Reply in Support of plaintiff's Motion *in Limine* to Exclude Plaintiff's Criminal and Disciplinary History, dated July 31, 2009 (doc. no. 85).

   h. Memorandum in Opposition to defendants' Motion *in Limine*, dated July 31, 2009 (doc. no. 87).

   i. Joint Stipulation of Facts, dated July 14, 2009 (doc. no. 88).

6. In light of plaintiffs' discharge of the Firm and his consent to our withdrawal, WilmerHale believes that plaintiff would consent to this motion for withdrawal as his counsel, a copy of which we have sent to him this day.

7. No prior request for this relief has been made.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: September 14, 2009
New York, New York

_____
Peter K. Vigeland